*Per Curiam.*   It is clearly an enumerated motion, and cannot be heard this day.

Aug. Term, 1804.

## *Jackson, ex. dem. John L. Norton and others,* v. *George Gardner.*

VAN VECHTEN moved on the common affidavit for judgment, as in case of nonsuit, for not proceeding to trial, but the affidavit of service stated only, that it was made by leaving copies on the table of the attorney's office, about one o'clock in the afternoon.

*Per Curiam.*   The affidavit is defective; it does not set forth that there was no one in the office. The notice might have been slipped down without any intimation, and have remained there unobserved. To make such a service good, it ought to have been stated there was not any one in the office. The defendant can take nothing by his motion.

## *Casparus Bain* v. *David Thomas and James Green.*

RUSSEL moved for judgment as in case of nonsuit.

*Blanchard* resisted the application on an affidavit stating a conversation, which he considered as an agreement to waive the irregularity.

*Russel* wished not to rely on the rule respecting written agreements, could the conversation be substantiated.

*Per Curiam.* The court cannot take notice of agreements between attornies, unless reduced to writing. If it is intended to waive the rule on this subject, the motion must be withdrawn; otherwise judgment of nonsuit must be entered, unless the plaintiff stipulate and pay costs.

*Beriah Palmer, Philip H. Schuyler and Joshua Nelson* v. *Amos Mulligan, Herman Moody, Noadiah Moody and William Gates.*

VAN ANTWERP, on the common affidavit, moved for judgment as in case of nonsuit, for not proceeding to trial.

*Woodworth,* contra, stated that this was one of two causes depending on the same point. That in the other, a verdict had been given against the plaintiffs, contrary to the opinion and charge of the judge before whom the cause had been tried, for which reason the present suit had not been brought on, and a case was made in that which had been heard, and was now before the court.

*Van Antwerp,* in reply. A case ought to have been made in the other cause. As it has not been done, it is a waiver of intention to rest on the point in the other: the plaintiffs must, therefore, pay costs and stipulate, or we must have have our judgment.

*Per Curiam.* You are entitled to costs, but as there is a sufficient reason for not proceeding to trial, we shall not oblige the plaintiff to stipulate.